UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

EDWIN K. BOONE,

    Plaintiff,                                                            Case No. 9:23-cv-81200

v.

THE CREDIT PROS INTERNATIONAL, LLC,

    Defendant.
_____/

## COMPLAINT

**NOW COMES** EDWIN K. BOONE ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of THE CREDIT PROS INTERNATIONAL, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq.,* and the New Jersey Consumer Fraud Act ("CFA"), pursuant to N.J. Stat. Ann. § 56:8-1 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA pursuant to 15 U.S.C. § 1679 *et seq.*, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is domiciled in the Southern District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Southern District of Florida.

**PARTIES**

5. Plaintiff is a consumer and natural person, over 18 years-of-age, residing in Ewing, New Jersey.

6. Defendant is a credit repair organization offering consumers the ability to improve their credit through its offered services. Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business located at 7750 Okeechobee Boulevard, Suite 4-765, West Palm Beach, Florida 33411.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In June 2022, Plaintiff was interested in addressing various debts that were appearing on his credit report and to improve his credit scores.

9. After meticulous research, Plaintiff happened upon Defendant due to its representations that it could help consumers improve their creditworthiness.

10. After speaking with Defendant and getting an idea of its services, Plaintiff entered into a contract with Defendant for the provision of credit repair services given Defendant's representations that its program would be able to help Plaintiff review his debts and increase his creditworthiness.

11. Plaintiff was informed that if he made monthly payments of around $77 per month, to Defendant over a period of time, Defendant would be able to increase his credit scores within 90 days, and in particular would be able to improve his creditworthiness.

12. Moreover, Defendant promised to fix Plaintiff's credit reports to allow Plaintiff to finance a home purchase. At one point, Defendant also increased Plaintiff's monthly payments without any prior notice or consent of Plaintiff.

13. Plaintiff proceeded to make his monthly payments to Defendant on a consistent and timely basis.

14. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear in order for him to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

15. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on sending credit disputes on his behalf as a means to more promptly address the issues on Plaintiff's credit reports; however, Defendant's conduct in this regard deceptively and misleadingly represented the extent to which the credit reporting

agencies are obliged to respond to credit disputes submitted by credit repair organizations.

16. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled his contract with Defendant in July 2023.

17. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I – VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT

19. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

20. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

      a.      **Violations of CROA § 1679b(a)**

21.      The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

22.      Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would result in an increase in his credit score by reviewing Plaintiff's credit reports and disputing any fraudulent, inaccurate and misleading debts with his creditors; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

23.      Moreover, Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception by promising Plaintiff that it would be able to improve his creditworthiness upon signing up for Defendant's credit repair program.

    **b.**    **Violations of CROA § 1679b(b)**

24.    The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

25.    Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Despite Plaintiff paying Defendant for its services, Defendant completely failed to perform the services it represented it would perform while simultaneously retaining Plaintiff's payments for fees.

    **c.**    **Violation of CROA §§ 1679d & 1679e**

26.    The CROA, pursuant to 15 U.S.C. § 1679d, requires there to be a signed contract between the parties before services can be performed, and § 1679e requires that this contract be provided to a consumer after execution.

27.    Defendant violated the above provisions of the CROA either through their failure to enter into a contract with Plaintiff that was reduced to writing, or otherwise failing to provide Plaintiff with a copy of such contract.

**WHEREFORE**, Plaintiff EDWIN K. BOONE, respectfully requests that this Honorable Court to enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c.    Awarding Plaintiff punitive damages as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e.    Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

28.    Plaintiff is a "person" as defined by N.J. Stat. § 56:8-1(d).

29.    Defendant is a "person" as defined by N.J. Stat. § 56:8-1(d).

30.    The transaction giving rise to the subject debt constitutes the "sale" of "merchandise" as defined in N.J. Stat. §§ 56:8-1(e), (c).

31.    The CFA provides that, "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation . . . in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . ." N.J. Stat. § 56:8-2.

32.    Defendant violated the CFA by promising Plaintiff that it would be able to improve his creditworthiness by reviewing his credit report and disputing any fraudulent or misleading information in an attempt to improve his credit score.

However, Plaintiff saw no improvement in his creditworthiness while continuing to make monthly payments to Defendant for services it did not provide.

33. Defendant violated the CFA, similarly how Defendant violated 15 U.S.C. § 1679b(a)(3)-(4) of the CROA.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff EDWIN K. BOONE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under N.J. Stat. § 56:8-19;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under N.J. Stat. § 56:8-19;

d. Enjoining Defendant from continuing to engage in violations of the aforementioned statute, as provided under N.J. Stat. § 56:8-8; and,

e. Awarding any other relief as this Honorable Courtdeems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 29, 2023                    Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com