**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| EDWIN K. BOONE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CREDIT PROS INTERNATIONAL, LLC,<br><br>    Defendant. | Civil Action No. 9:23-cv-81200-AMC |

**DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT [D.E. 1]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Credit Pros International, LLC ("Credit Pros"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), as well as Local Rule 7.1, hereby files this Motion to Dismiss the Complaint [D.E. 1] filed by Plaintiff Edwin K. Boone ("Plaintiff"). In support of its Motion to Dismiss, Credit Pros incorporates the below Memorandum of Law and states as follows:

**INTRODUCTION**

Plaintiff seeks to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq*. ("CROA") and the New Jersey Consumer Fraud Act § 56:8-1 *et seq.* ("NJCFA"). But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to safeguard Credit Pro's reputation from improvident charges of wrongdoing. This pleading requirement is of paramount importance where, as here, the threshold inquiry of "whether a company is a credit repair organization under the CROA **depends on the representations made**." *Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) (emphasis added). Simply put, because Plaintiff's allegations are so bare-

boned, Credit Pros (and even this Court) cannot make that case dispositive, threshold determination because Plaintiff fails to plead his fraud-based claims with particularity. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint.

## **MEMORANDUM OF LAW**

### I. STATEMENT OF FACTS

On August 29, 2023, Plaintiff filed his Complaint against Credit Pros. While Credit Pro's alleged relationship with Plaintiff was contractual in nature (Compl. ¶ 10), Plaintiff's Complaint seeks to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[1] and the New Jersey Consumer Fraud Act § 56:8-2 (Count II), based on supposed guarantees, advice, suggestions, and representations of unknown Credit Pros representatives, allegedly uttered at unknown times and entirely devoid of context. Compl., ¶¶ 8-11, 14, 15, 22, 23, 33. Plaintiff alleges Credit Pros made the following guarantees, suggestions, and representations:

9. After meticulous research, Plaintiff happened upon Defendant due to its representations that it could help consumers improve their creditworthiness.

10. After speaking with Defendant and getting an idea of its services, Plaintiff entered into a contract with Defendant for the provision of credit repair services given Defendant's representations that its program would be able to help Plaintiff review his debts and increase his creditworthiness.

11. Plaintiff was informed that if he made monthly payments of around $77 per month, to Defendant over a period of time, Defendant would be able to increase his credit scores within 90 days, and in particularly would be able to prove his creditworthiness.

---

[1] Count I purports to assert additional disparate CROA violations against Credit Pros predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)) and Count I(c) (predicated on 15 U.S.C. § 1679d and 1679e). These additional alleged CROA violations are not at issue in this Motion.

12. Moreover, Defendant promised to fix Plaintiff's credit reports to allow Plaintiff to finance a home purchase. At one point, Defendant also increased Plaintiff's monthly payments without any prior notice or consent of Plaintiff.

. . .

15. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on sending credit disputes on his behalf as a means to more promptly address the issues on Plaintiff's credit reports; however, Defendant's conduct in this regard deceptively and misleadingly represented the extent to which the credit reporting agencies are obligated to respond to credit disputes submitted by credit repair organizations.

. . .

22. Defendant violated [15 U.S.C. 1679(a)(3)-(4)] through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would result in an increase in his credit score by reviewing Plaintiff's credit reports and disputing any fraudulent, inaccurate and misleading debts with creditors; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

23. Moreover, Defendant violated [15 U.S.C. 1679(a)(3)-(4)] through its misrepresentations and deception by promising Plaintiff that it would be able to improve his creditworthiness upon signing up for Defendant's credit repair program.

. . .

33. Defendant violated the [NJCFA] in much the same way it violated 15 U.S.C. 1679(a)(3)-(4) of the CROA.

There are no pertinent allegations elaborating or otherwise providing specificity to those reflected above, thus, Plaintiff seeks to rely on the foregoing to support his fraud-based claims. However, as addressed below, because the foregoing generalized allegations are not pleaded with particularity, Plaintiff's fraud-based claims must be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II.     STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555. Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusions in a pleading "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is supplemental to the *Iqbal* pleading standards. *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023); *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021). The Eleventh Circuit interprets "particularity" as requiring plaintiffs to specify (1) the statements contended to be fraudulent, (2) identify the

speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *Perkins v. Nat'l LGBTQ Task Force, Inc.*, 580 F. Supp. 3d 1236, 1239 (S.D. Fla. 2021) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)); *see Young*, 57 F.4th 861, 873 (11th Cir. 2023) (finding that the plaintiff failed to satisfy Rule 9(b)'s particularity requirement to plead who, what, when, how, and why); *see also Huang v. Chen*, 22-CV-60354, 2022 WL 18464362, at *2 (S.D. Fla. Sept. 7, 2022) (same). Dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 20-CV-23392, 2021 WL 3666312, at *4 (S.D. Fla. Aug. 18, 2021).

### III.   DISCUSSION

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4) and New Jersey Consumer Fraud Act § 56:8-2, which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

> The act, use or employment by any person of any unconscionable commercial practice, deception, **fraud, false pretense, false promise, misrepresentation**, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

New Jersey Consumer Fraud Act § 56:8-2[2] (emphasis added).

"[I]t cannot be seriously disputed that [15 U.S.C. § 1679b(a)(3)-(4) claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct [, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based NJCFA claims Plaintiff seeks to assert against Credit Pros substantially track the language contained in the fraud-based CROA claims Plaintiff seeks to assert against Credit Pros,[3] such fraud-based NJCFA claims must also fall within the scope of Rule 9(b).

Here, the Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported guarantees, suggestions, and deception as to the nature of the credit repair services that Credit Pros allegedly provided Plaintiff, as well as Credit Pros' purported representation that its services would be able to "fix Plaintiff's credit reports to allow Plaintiff to finance a home purchase" in asserting his fraud-based CROA and NJCFA claims. Compl., ¶¶ 12, 33. But Plaintiff's reliance is misplaced because his Complaint noticeably fails to allege the

---

[2] This section of NJCFA is entitled "Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice."

[3] Indeed, Plaintiff's allegations in support his fraud-based NJCFA claims mirror his allegations in support of his fraud based CROA claims. *See* Compl. ¶ 33 ("Defendant violated the [NJCFA] in much the same way it violated 15 U.S.C. 1679(a)(3)-(4) of the CROA").

circumstances and representations made by Credit Pros constituting fraud with any particularity as required by Rule 9(b). Indeed, the Complaint fails to allege, *inter alia*:

1. the identity of the speaker, including said speaker's relationship to Credit Pros, *see* Compl., ¶¶10 ("After speaking with Defendant and getting an idea of its services . . ."), 12 ("Defendant promised to fix Plaintiff's credit reports . . ."), 14 ("Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear . . . "), 15 ("Defendant repeatedly suggested . . .");

2. when the statements were made, *see* Compl., ¶¶ 8 ("In June 2022, Plaintiff was interested in addressing carious debts . . ."), and 9 ("After meticulous research, Plaintiff happened upon Defendant due to its representations . . .");

3. where the statements were made, *see* Compl., ¶ 9 ("After meticulous research, Plaintiff happened upon Defendant due to its representations . . .");

4. how the statements were made, *see* Compl., ¶¶10 ("After speaking with Defendant and getting an idea of its services . . ."), 12 ("Defendant promised to fix Plaintiff's credit reports . . ."), 14 ("Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear . . . "), 15 ("Defendant repeatedly suggested . . .");

5. how the statements were false, *see* Compl., ¶ 14 ("Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along . . . only to turn around and fail to deliver on the promises and representations . . .");

6. the intent of the speaker when making the statements, *see, generally,* Compl.; and

7. the complete content and context of the statements, *see, generally,* Compl.

It is well-settled that these are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)); *see also Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019)*; Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007). And, pursuant to the applicable case law, these

necessary allegations are vital to determine whether Credit Pros is a credit repair organization under the CROA in the first instance. *See Plattner*, 422 F. Supp. 2d at 974. Without these allegations, Credit Pros (and even this Court) cannot make this case dispositive, threshold determination.

At its core, the Complaint simply alleges someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow "fix Plaintiff's credit reports to allow Plaintiff to finance a home purchase" and "increase [Plaintiff's] credit scores within 90 days, and . . . improve [Plaintiff's] creditworthiness . . ." but Credit Pros "failed to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services." Compl., ¶¶ 11, 12, 14. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See e.g.*, *Ermolaev v. Happy Land FL, LLC*, 20-24480-CIV, 2021 WL 7084645, at *7 (S.D. Fla. Apr. 16, 2021) (Cannon, J.) ("Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when, and by whom."). As a result, this Court should enter an Order dismissing the fraud-based claims attempted to be asserted in Plaintiff's Complaint.

## CONCLUSION

Plaintiff's fraud based CROA and NJCFA claims (Count I(a) and Count II) recite the respective statutory language at issue but noticeably fail to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claims should be dismissed.

**WHEREFORE**, Defendant, Credit Pros International, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Complaint [D.E. 1], and granting any such further and other relief in favor of Credit Pros as this Court deems just and

proper.

Dated: October **31**, 2023.        Respectfully submitted,

By: */s/ Jamey R. Campellone*
LAWREN A. ZANN
Fla. Bar No. 42997
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
JAMEY R. CAMPELLONE
Fla. Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for The Credit Pros International, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **31st** day of October 2023, a copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

By: */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE