**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| EDWIN K. BOONE, | |
| Plaintiff, | Civil Action No. 9:23-cv-81200-AMC |
| v. | |
| THE CREDIT PROS INTERNATIONAL, LLC, | |
| Defendant. | |

**DEFENDANT THE CREDIT PROS INTERNATIONAL, LLC'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [D.E. 10]
AND INCORPORATED MEMORANDUM OF LAW**

Defendant The Credit Pros International, LLC ("Credit Pros"), by and through the undersigned attorneys and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), as well as Local Rule 7.1, hereby files this Motion to Dismiss the Amended Complaint [D.E. 10] filed by Plaintiff Edwin K. Boone ("Plaintiff"). In support of its Motion to Dismiss, Credit Pros incorporates the below Memorandum of Law and states as follows:

**INTRODUCTION**

Plaintiff continues to seek to assert claims against Credit Pros that sound in fraud under the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq*. ("CROA") and the New Jersey Consumer Fraud Act § 56:8-1 *et seq*. ("NJCFA"). But to do so, as set forth in the Federal Rules of Civil Procedure, Plaintiff must allege such claims with particularity to safeguard Credit Pro's reputation from improvident charges of wrongdoing. This pleading requirement is of paramount importance where, as here, the threshold inquiry of "whether a company is a credit repair organization under the CROA **depends on the representations made**." *Plattner v. Edge Sols., Inc.*, 422 F. Supp. 2d 969, 974 (N.D. Ill. 2006) (emphasis added). Simply put, because Plaintiff's allegations are so bare-

boned, Credit Pros (and even this Court) cannot make that case dispositive, threshold determination because Plaintiff fails to plead his fraud-based claims with particularity even after amending. Indeed, Judge Sam R. Cummings in the United States District Court for the Northern District of Texas already found that similar "fraud" allegations[1] against Credit Pros are insufficient under Rule 9(b). *See Purkerson v. Credit Pros International Corporation*, 6:23-cv-00060-C (D.E. 14) (holding that "Plaintiff's Complaint fails to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and thus fails to state a claim for which relief may be granted. As such, Plaintiff's claims brought under 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a)), Texas Financial Code § 393.304(1), § 393.305, § 394.207, and § 394.212 (Count II(a)), and Count III(a)-(b)) are **DISMISSED** WITH PREJUDICE." (emphasis in original). *See* **Exhibit "A."**

Plaintiff initially failed in his endeavor to plead such claims with particularity as shown in Credit Pros' Motion to Dismiss [D.E. 8]. Rather than attempt to oppose the arguments asserted in the Motion to Dismiss, Plaintiff elected to amend his deficient allegations pursuant to Fed. R. Civ. P. 15. But the Amended Complaint fares no better and continues to suffer from a lack of particularity. That should be no surprise as this lawsuit attempts to create fraud claims that simply do not exist for the sole purpose of seeking attorneys' fees. Accordingly, Credit Pros respectfully requests that the Court enter an Order dismissing the fraud-based claims attempted to be asserted in the Amended Complaint with prejudice as it is clear Plaintiff is simply unable to plead such claims with particularity.

---

[1] The attorneys of record (Sulaiman Law Group, Ltd.) in *Purkerson v. Credit Pros International Corporation* are the same attorneys of record for Plaintiff in this case. Accordingly, Plaintiff's attorneys have previously been put on notice that these thin allegations cannot support their fraud claims against Credit Pros.

**MEMORANDUM OF LAW**

I.  **STATEMENT OF FACTS**

On August 29, 2023, Plaintiff filed a Complaint against Credit Pros. *See* D.E. 1. In response, Credit Pros filed a Motion to Dismiss Plaintiff's Complaint [D.E. 5] for not complying with the particularity requirement under Rule 9(b) when pleading fraud-based claims. In taking a second bite of the apple, Plaintiff filed an Amended Complaint in an attempt to plead his fraud-based claims with particularity. However, the Amended Complaint continues to fail to plead such claims with particularity.

Interestingly, while Credit Pro's alleged relationship with Plaintiff was contractual in nature (Am. Compl. ¶ 10), the Amended Complaint continues to eschew the actual contractual language, including the representations contained in the agreement, in Plaintiff's continued attempt to assert claims pursuant to 15 U.S.C. § 1679b(a)(3)-(4) (Count I(a))[2] and New Jersey Consumer Fraud Act § 56:8-1 *et seq.* (Count II). Those claims, in turn, are not based on the actual agreement and representations exchanged between the parties, but rather are based on supposed guarantees, advice, and representations of an unknown "male representative" of Credit Pros allegedly uttered at unknown times, and entirely devoid of context. Am. Compl. ¶¶ 8-12, 14-15, 22, 24, 34. Plaintiff continues to fail to allege necessary facts concerning his fraud-based claims.[3]

---

[2] Count I purports to assert additional disparate CROA violations against Credit Pros, predicated entirely on technical violations of CROA. *See* Count I(b) (predicated on 15 U.S.C. § 1679b(b)) and Count I(c) (predicated on 15 U.S.C. § 1679d and 1679e). These additional alleged CROA violations are not at issue in this Motion.

[3] In fact, Plaintiff's "factual allegations" in support of Count II have not changed despite being granted leave of Court to file his Amended Complaint. *Compare* D.E. 1, ¶ 33 *with* D.E. 10, ¶ 34.

## II.     STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds of his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level . . . ." *Twombly*, 550 U.S. at 555.  Courts may not assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . law in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, [the complaint] 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Conclusions in a pleading "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 9 provides, in pertinent part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requirement is supplemental to the *Iqbal* pleading standards. *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 873 (11th Cir. 2023); *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021). The Eleventh Circuit interprets "particularity" as requiring plaintiffs to specify (1) the statements contended to be fraudulent, (2) identify the

speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *Perkins v. Nat'l LGBTQ Task Force, Inc.*, 580 F. Supp. 3d 1236, 1239 (S.D. Fla. 2021) (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)); *see Young*, 57 F.4th 861, 873 (11th Cir. 2023) (finding that the plaintiff failed to satisfy Rule 9(b)'s particularity requirement to plead who, what, when, how, and why); *see also Huang v. Chen*, 22-CV-60354, 2022 WL 18464362, at *2 (S.D. Fla. Sept. 7, 2022) (same). Dismissal of a fraud claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) is treated as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 20-CV-23392, 2021 WL 3666312, at *4 (S.D. Fla. Aug. 18, 2021).

### III.  DISCUSSION

Plaintiff's fraud-based claims are predicated on 15 U.S.C. § 1679b(a)(3)-(4) and New Jersey Consumer Fraud Act § 56:8-2, which state, respectively:

> No person may make or use any **untrue or misleading representation** of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(3) (emphasis added).

> No person may engage, directly or indirectly, in any act, practice or course of business that constitutes or results in the commission of, or an attempt to commit, a **fraud or deception** on any person in connection with the offer or sale of the services of the credit repair organization.

15 U.S.C. § 1679b(a)(4) (emphasis added).

> The act, use or employment by any person of any unconscionable commercial practice, deception, **fraud, false pretense, false promise, misrepresentation**, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

New Jersey Consumer Fraud Act § 56:8-2[4] (emphasis added).

"[I]t cannot be seriously disputed that [15 U.S.C. § 1679b(a)(3)-(4) claims] fall within the scope of Rule 9(b)." *Slack v. Fair Isaac Corp.*, 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005); *see also Browning v. Yahoo! Inc.!*, No. C04-01463HRL, 2004 WL 2496183 (N.D. Cal. Nov. 4, 2004); *Millett v. Equifax Info. Services, LLC*, 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006); *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006). This is so where, as here, such fraud-based CROA claims "rely almost exclusively on defendant['s] allegedly 'misleading and deceptive conduct [, which] conduct 'sounds in fraud' even if it would not necessarily give rise to a cause of action for deceit at common law." *Slack*, 390 F. Supp. 2d at 911-912. And because the fraud-based NJCFA claims Plaintiff seeks to assert against Credit Pros substantially track the language contained in the fraud-based CROA claims Plaintiff seeks to assert against Credit Pros,[5] such fraud-based NJCFA claims must also fall within the scope of Rule 9(b).

Here, by filing the Amended Complaint, Plaintiff has had a second chance to comply with the particularity requirement that is required by Rule 9(b) when alleging fraud-based claims. Yet, Plaintiff still fails to comply with the particularity requirement of Rule 9(b). The Amended Complaint's limited and conclusory allegations reveal Plaintiff seeks to rely upon purported guarantees and deceptions as to the nature of the services that Credit Pros provided Plaintiff in asserting his alleged fraud based CROA and NJCFA claims. But Plaintiff's reliance is misplaced because the Amended Complaint noticeably fails to allege the circumstances constituting fraud

---

[4] This section of NJCFA is entitled "Fraud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice."

[5] Indeed, Plaintiff's allegations in support his fraud-based NJCFA claims mirror his allegations in support of his fraud based CROA claims. *See* Am. Compl. ¶ 34 ("Defendant violated the [NJCFA] similarly how Defendant violated 15 U.S.C. § 1679(a)(3)-(4) of the CROA").

with any particularity as required by Rule 9(b). Indeed, the Amended Complaint fails to allege with particularity, *inter alia*:

1. the identity of the speaker(s) and such speaker's relationship to Credit Pros, *see* Am. Compl., ¶¶ 9 ("After meticulous research, Plaintiff happened upon Defendant's online advertisement . . ."), 10 ("After speaking with Defendant and getting an idea of its services . . ."), 11 ("In June 2022, after speaking with a mal representative of Defendant . . . "), 12 ("Defendant's representative verbally promised . . .");

2. when the alleged statements and representations were made, *see* Am. Compl., ¶¶ 8 ("In June 2022, Plaintiff was interested in addressing various debts . . ."), 9 ("After meticulous research, Plaintiff happened upon Defendant's online advertisement . . ."); 11 ("In June 2022, after speaking with a male representative of Defendant . . .);

3. where the statements and representations were made, *see* Am. Compl., ¶ 9 ("After meticulous research, Plaintiff happened upon Defendant's online advertisement . . .");

4. how the statements and representations were made, *see* Am. Compl., ¶¶ 10 ("After speaking with Defendant and getting an idea of its services . . ."), 11 ("Plaintiff was verbally informed . . ."), 11 ("Defendant's representative verbally promised . . . "), 15 ("Defendant, through verbal telephonic communications repeatedly suggested to Plaintiff . . .");

5. how the statements and representations were false, particularly where, as here, Plaintiff seems to evade the written contents of the agreement, *see* Am. Compl., ¶ 14 ("Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along . . . only to turn around and fail to deliver on the promises and representations . . .");

6. the intent of the speaker when making the statements, *see, generally,* Am. Compl.; and

7. the complete content and context of the statements, *see, generally,* Am. Compl.

These are vital and necessary allegations that Plaintiff must assert as required by Rule 9's heightened pleading standard that serves "to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *Sancho v. Davidson*, 3:05-CV-883 (RNC), 2006 WL 8448126, at *1 (D. Conn. Mar. 3, 2006) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 767 (2d Cir. 1991)); *see also Cardenas v.*

*Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019)*; Steves & Sons, Inc. v. Trinity Glass Intern., Inc.*, CIV.A. SA06CV357XR, 2007 WL 1556743, at *3 (W.D. Tex. May 25, 2007). And, pursuant to the applicable case law, these necessary allegations are vital to determine whether Credit Pros is a credit repair organization under the CROA in the first instance. *See Plattner*, 422 F. Supp. 2d at 974. Without these allegations, Credit Pros (and even this Court) cannot make this case dispositive, threshold determination.

At its core, the Amended Complaint simply alleges someone(s) made some representation(s) at some time(s) from some location(s) in some medium(s) that Credit Pros could somehow fix Plaintiff's credit reports to allow Plaintiff to "finance a home purchase" Am Compl., ¶ 12. This does not come close to complying with Rule 9(b)'s heightened pleading standard. *See e.g.*, *Ermolaev v. Happy Land FL, LLC*, 20-24480-CIV, 2021 WL 7084645, at *7 (S.D. Fla. Apr. 16, 2021) (Cannon, J.) ("Plaintiff does not meet the standard required to establish a claim of fraud by specifying exactly what false statements were made, when, and by whom."). As a result, this Court should enter an Order dismissing the fraud-based claims that continue to be improperly asserted in Plaintiff's Amended Complaint.

## CONCLUSION

Plaintiff's fraud based CROA and NJCFA claims (Count I(a) and Count II) recite the respective statutory language at issue but noticeably fail to allege any circumstances of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). As a result, such claims should be dismissed.

**WHEREFORE**, Defendant, Credit Pros International, LLC, respectfully requests this Court enter an Order granting the instant Motion, dismissing Plaintiff's Amended Complaint [D.E. 10], and granting any such further and other relief in favor of Credit Pros as this Court deems

just and proper.

    Dated: December **20**, 2023.    Respectfully submitted,

    By: */s/ Jamey R. Campellone*
        LAWREN A. ZANN
        Fla. Bar No. 42997
        Email: lawren.zann@gmlaw.com
        Email: gabby.mangar@gmlaw.com
        JAMEY R. CAMPELLONE
        Fla. Bar No. 119861
        Email: jamey.campellone@gmlaw.com
        Email: gabby.mangar@gmlaw.com
        **GREENSPOON MARDER LLP**
        200 East Broward Blvd., Suite 1800
        Fort Lauderdale, Florida 33301
        Tel: (954) 527-6296
        Fax: (954) 333-4027

    *Attorneys for The Credit Pros International, LLC*

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this **20th** day of December 2023, a copy of the foregoing Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    By: */s/ Jamey R. Campellone*
        JAMEY R. CAMPELLONE